```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


ANTAHJ S. JENKINS,

                    Plaintiff,

         v.                              CASE NO.  11-3050-SAC

RANDY HENDERSON,
Sheriff, Reno County Sheriff's
Department, et al.,

                    Defendants.
```

## MEMORANDUM AND ORDER

This civil rights complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of Reno County Detention Center, Hutchinson, Kansas. Plaintiff names as defendants Sheriff Randy Henderson, Reno County Sheriff's Department; Reno County Detention Center; and Reno County, Kansas.

Mr. Jenkins claims that he is being subjected to cruel and unusual punishment. As the factual background for his complaint, he alleges as follows. He was held in administrative segregation for a total of 60 days. While in segregation, he was denied his right to exercise one hour per day and has acquired back problems and bedsores as a result. He was denied the right to contact his attorney and family by mail. His cell contained black mold, had no ventilation, and the shower stall that he used daily was unsanitary and full of black mold. There was no ventilation. Plaintiff states that he has filed "a number of grievances" regarding these matters with jail staff. He seeks money damages for pain and suffering, mental anguish and violation of his constitutional rights.

**FILING FEE**

Plaintiff has filed a motion to proceed without prepayment of fees (Doc. 2), and has attached some financial information in support. However, under 28 U.S.C. § 1915(a)(2), a prisoner seeking to bring an action without prepayment of fees "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." Id. The information provided by Mr. Jenkins is not a "certified copy" and is for one month rather than six months. Plaintiff will be given time to submit the financial data that is required by federal law to support his motion. If he fails to provide the requisite information within the time allotted, this action may be dismissed without further notice.

Mr. Jenkins is forewarned that under 28 U.S.C. § 1915(b)(1), a prisoner granted leave to proceed without prepayment of fees is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted such leave merely entitles him to proceed without prepayment of the full fee, and to pay the filing fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1] Furthermore, § 1915(b)(1), requires the court to

---

[1] Pursuant to §1915(b)(2), the Finance Officer of the facility where plaintiff is confined will be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff will be required to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Once the court receives the complete records of plaintiff's account, the court will assess an initial partial filing fee. Plaintiff must pay this initial fee before this action may proceed further.

**SCREENING**

Because Mr. Jenkins is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds that at least portions of the complaint are subject to being dismissed for the reasons that follow.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)35 (1981); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a

3

claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court employs the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court accepts all well-pleaded allegations in the complaint as true and considers them in the light most favorable to the nonmovant. Anderson v. Blake, 469 F.3d 910, 913 (10th Cir. 2006). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. Twombly, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

Defendant "Reno County Detention Center" is clearly subject to being dismissed for the reason that a jail facility is a building and not a "person" subject to suit under Section 1983.

Defendant "Reno County" is also subject to be dismissed. Under 42 U.S.C. § 1983, a local government may be held liable for the constitutional violation of its employees only when employee "action

4

pursuant to official municipal policy . . . caused a constitutional tort." Therefore, "to establish municipal liability a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." Anaya v. Crossroads Managed Care Sys., Inc., 195 F.3d 584, 592 (10th Cir. 1999)(quoting Hollingsworth v. Hill, 110 F.3d 733, 742 (10th Cir.1997)). Plaintiff does not allege facts showing that the jail had a policy or custom of providing inadequate living conditions. In other words, Reno County cannot be held liable under the doctrine of respondeat superior for the individual actions of their employees. As the Tenth Circuit has reasoned:

> A municipality or county can be held accountable to a pretrial detainee for a due process violation resulting from an employee's acts only if the harmful acts resulted from a policy or custom adopted or maintained with objective deliberate indifference to the detainee's constitutional rights. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91, 694 (1978).
>
> The plaintiff must . . . demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. Board of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

Aston v. Cunningham, 216 F.3d 1086, *4 (10th Cir. 2000)(unpublished)(cited as persuasive authority only). Mr. Jenkins has not alleged that a policy, custom, or practice of Reno County caused any of the alleged conditions at the Reno County Jail or played any part in any of the alleged violations.

This action is also subject to being dismissed as against the only individual named as defendant, Sheriff Henderson, because plaintiff does not allege any direct personal participation by

5

defendant Henderson in the conditions of which he complains. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006)(A defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(affirming district court's dismissal where "plaintiff failed to allege personal participation of the defendants"). It is not enough to show that the defendant had authority over those who allegedly violated his constitutional rights. Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996). A supervisor's liability may not be predicated solely upon a theory of respondeat superior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Gagan v. Norton, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), cert. denied, 513 U.S. 1183 (1995). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). To be held liable under § 1983, a supervisor must have personally participated or acquiesced in the complained-of constitutional deprivation. Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988). Plaintiff must show "a deliberate, intentional act by the [defendant] to violate constitutional rights." Jenkins, 81 F.3d at 994-95 (citations omitted). In addition, "liability under § 1983 must be predicated upon a deliberate deprivation of constitutional rights by the defendant and not upon mere negligence." Murrell v. School Dist. No. 1, Denver, Colo., 186 F.3d 1238, 1250 (10th Cir.

1999) (quoting Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992)(internal citations omitted)). The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007).

The court also finds that plaintiff's claims are not supported by sufficient factual allegations to show a federal constitutional violation. Regular exercise is an important requirement for the psychological and physical well-being of prisoners. Bailey v. Shillinger, 828 F.2d 651, 653 (10th Cir. 1987). However, the actual level of exercise which must be provided varies based upon the circumstances of each case. Housley v. Dodson, 41 F.3d 597, 599 (10th Cir. 1994)("what constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates"), *abrogated on other grounds by* Lewis v. Casey, 518 U.S. 343 (1996). If plaintiff was able to exercise in his cell during his time in segregation, no federal constitutional violation may be presented. A six-month denial of outdoor exercise, without more, has been held not to violate an inmate's constitutional rights. See Smith v. Harvey County Jail, 889 F.Supp. 426, 431 (D. Kan. 1995). Plaintiff does not allege facts indicating that his bedsores resulted from a lack of exercise.

Plaintiff also fails to allege facts indicating that he lacked

7

access to cleaning materials with which to clean any mold from his cell or shower. In short, plaintiff has not alleged sufficient facts to show that he was subjected to cruel and unusual punishment during his 60-day stay in segregation.

Plaintiff's allegations that he was unable to contact his attorney or family by mail do not include the dates or circumstances that he requested to send mail to any particular person. Nor does he describe the acts of any defendant that amounted to refusing to properly handle his mail. If plaintiff was able to contact family and his attorney by other means, such as telephone or personal visitation, no federal constitutional claim is stated.

Plaintiff will be given time to meet the filing fee requirements, and to show cause why this action should not be dismissed against the named defendants for the reasons stated herein. If he does not cure these deficiencies within the time allotted this action may be dismissed without further notice.

Plaintiff has submitted a letter to the clerk in which he asks the court to order an injunction and seeks "copies of his grievances." This paper was filed as a Motion for Injunction. Plaintiff alleges no facts to establish the prerequisites for preliminary injunctive relief. His request involves the handling of his grievances, and is not even related to the claims raised in the complaint. The court finds that no facts or authority are alleged in support of this motion, and it shall be denied without prejudice. Plaintiff is advised that any action he requests of the court must be presented in the form of a motion and that the motion must have the caption and number of this case written on the first page.

While plaintiff is correct that he might at some juncture be

required to show that he has fully exhausted administrative remedies on his claims herein, he has not yet been required to do so. The failure to exhaust is an affirmative defense that must be raised by the defendant. The court is presented with no reason to order defendants to provide him with copies of administrative grievances during the screening process. It is Mr. Jenkins' responsibility to retain copies of grievances he files or to seek copies through appropriate channels.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court a certified copy of his inmate account statement for the appropriate six-month period and to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Injunction (Doc. 3) is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge